David COLE, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1083S353.

Supreme Court of Indiana.

Feb. 22, 1985.

J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

David Cole, Jr., was convicted of robbery, a Class B felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.), attempted murder, a Class A felony, Ind.Code § 35–42–1–1 (Burns 1979 Repl.) and § 35–41–5–1 (Burns 1979 Repl.), and resisting law enforcement, a Class D felony, Ind.Code § 35–44–3–3 (Burns 1984 Supp.), and was sentenced to concurrent terms of imprisonment of ten years, twenty years, and two years. He was found to be a habitual criminal and we note that he was erroneously sentenced as such to a consecutive thirty-year term. He raises two issues, and we raise the sentencing error, issue number three, *sua sponte.*

The issues are:

1. Whether his waiver of his constitutional right to a trial by jury was knowingly and voluntarily made;

2. Whether the evidence was sufficient to sustain his convictions for robbery, attempted murder, and resisting law enforcement; and

3. Whether the court erred in the manner in which it sentenced him as a habitual offender.

### ·I.

At a pretrial conference the court granted an agreed continuance of the defendant's cause and the defendant signed a form waiving a trial by jury. His attorney stated to the court that they were "working on" plea negotiations. The court asked the defendant:

"Do you understand, Mr. Cole, when you sign that you are waiving your right to twelve people sitting in that jury box to determine your guilt and innocence?"
*Mr. Cole:* "I understand."
*The court:* "Do you understand that?"
*Mr. Cole:* "Yes, sir."

*The court:* "She's explained that to you. You're satisfied with her services, are you not?"
*Mr. Cole:* "Yes, I am, Judge."

The defendant appeared for trial and was denied another request for a continuance. He was tried and convicted by the court. He made no motion to withdraw his waiver.

In support of his claim that he did not voluntarily waive a jury, the defendant submitted with his motion to correct error an affidavit stating that he waived jury only because his attorney advised him it was the only way to obtain the continuance needed to further pursue plea negotiations. He claims he was told his case would be resolved with a plea agreement. Also, he claims he was not advised and did not realize that, should negotiations break down, he had forever waived his right to a jury trial.

He claims his consultations with his attorney were too brief to allow him time to move to withdraw his waiver. However, the affidavit does reveal that the defendant conferred with his attorney prior to trial at which time he expressed his desire for another continuance.

■ The defendant claims that his allegations regarding the voluntariness of his waiver are uncontradicted elsewhere in the record and, thus, must be accepted as true. *See, Harris v. State,* (1981) Ind., 427 N.E.2d 658. We believe that the record *does* contradict the defendant's statement, bearing out his understanding of the meaning and consequences of his waiver. He stated he understood when he was informed unequivocally that he was waiving his right to a jury. At the time of trial he conferred with his attorney, then requested a continuance. No motion to withdraw the waiver was made. The defendant expressed his desire for a jury only after the court convicted him. Furthermore, the fact of the defendant's age, 41 years, and his familiarity with the criminal justice system weakens his claim that he did not understand the consequences of his waiver and that it was made only because he relied

on his attorney's assurances that a plea agreement would be reached. *See, Anness v. State,* (1971) 256 Ind. 368, 269 N.E.2d 8.

■ There is nothing in the record to indicate the state had made promises to the defendant which could have induced his waiver. Even if the defendant's idea was that he was waiving jury for the purpose of facilitating plea negotiations, the voluntariness of his waiver is not necessarily vitiated. We have stated in the context of a guilty plea, which involves the waiver of many fundamental rights, that the mere expectation of a lesser sentence does not render the plea involuntary. *Dube v. State,* (1971) 257 Ind. 398, 275 N.E.2d 7. We find no error here.

## II.

A brief summary of the facts from the record most favorable to the state shows that Cole was stopped by a security guard in a grocery store after having been seen shoplifting. When his efforts to convince the store manager to let him go failed, he pulled a gun from his coat, put it in the guard's ear and threatened to use it if the guard moved. He then disarmed the guard and fled with the guard's gun.

The security guard then notified the police with a description of the defendant. A police officer near the scene heard the report and spotted an automobile with two men fitting the general description. The officer made a U-turn and fell in behind the car. He followed approximately two car lengths behind as the first automobile proceeded on, made a left turn, then another. The two automobiles had each slowed down considerably. The officer had just come to a stop and had opened his car door when the defendant "rolled" out the passenger door of the first automobile, assumed a half crouched position, and fired a shot in the direction of the police officer. The defendant fired two more shots as he was escaping. Later, he was spotted and apprehended.

Cole claims this evidence was insufficient to convict him of robbery, attempted murder, and resisting law enforcement. On review we will neither reweigh the evidence nor judge the credibility of witnesses. *Oatts v. State,* (1982) Ind., 437 N.E.2d 463. We will look only to the evidence most favorable to the state together with reasonable inferences to be drawn therefrom. If, from that viewpoint, there is substantial evidence to support the conclusion that the defendant is guilty beyond a reasonable doubt, the verdict will not be disturbed.

### Robbery

■ A person who knowingly or intentionally takes property from another person by using or threatening force or by putting any person in fear commits robbery. Ind.Code § 35–42–5–1 (Burns 1984 Supp.). The evidence here most favorable to the state was that the defendant threatened to shoot the security guard, then took his gun from him. The security guard testified he was afraid. Each element of robbery was proved beyond a reasonable doubt.

### Attempted Murder

Attempted murder is committed when one takes a substantial step toward the knowing or intentional killing of another. Ind.Code § 35–41–5–1 and § 35–42–1–1 (1979 Burns Repl.). The defendant claims the evidence is insufficient to prove his intent to kill. He points to the police officer's testimony that *he* believed the defendant did not intend to kill the officer and to the fact that the second and third shots were not fired into the officer's car.

■ Again, we are bound not to reweigh the evidence. The evidence showed the first bullet struck the officer's car. The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Conley v. State,* (1983) Ind., 445 N.E.2d 103. The evidence was sufficient on the charge of attempted murder.

### Resisting Law Enforcement

■ The defendant was charged with resisting law enforcement by "fleeing from a

law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop." Ind.Code § 35–44–3–3(3) (Burns 1984 Supp.). The Court of Appeals of Indiana has held, and we agree, that the meaning of this statute is that both the police officer's identification and his order to stop may be accomplished by acts visible to the defendant. The defendant's argument is that no such order to stop was made and that, therefore, his conviction for resisting cannot stand.

 We believe that, under the facts of this case, a sufficient visual order to stop was accomplished. The defendant, having just escaped from the custody of the security guard, was followed closely by a police officer. The officer had made a U-turn and followed the defendant's two left turns. As the defendant's car slowed finally to a stop, so did the officer's. The officer, now stopped behind the defendant, had opened his car door and was exiting when the first shot was fired. We find this evidence sufficient to prove that the defendant was under a visual command to stop when he fired and fled.

### III.

 The trial court sentenced the defendant to a term of imprisonment of ten years on the robbery conviction, twenty years on the attempted murder conviction, and two years on the resisting law enforcement conviction, all to be served concurrently. The court then sentenced the defendant as a habitual offender to a consecutive term of thirty years. The proper procedure would have been to enhance one of the three sentences by thirty years, with the trial court specifying which of the three sentences it was enhancing. *Perry v. State*, (1984) Ind., 471 N.E.2d 270; *Short v. State*, (1982) Ind., 443 N.E.2d 298.

The cause is remanded for correction of the sentencing error. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.