**William ROBEY, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 2–285–A–34.

Court of Appeals of Indiana, Second District.

Oct. 31, 1985.

---

Nile Stanton, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## ON PETITION FOR REHEARING

Defendant-appellant William Robey (Robey) petitions for rehearing of our decision affirming his conviction for official misconduct, a class A misdemeanor.[1]  *See Robey v. State* (1985), Ind.App., 481 N.E.2d 138. On rehearing, Robey concedes he was an appointed public servant as defined in IC 35–41–1–24 (Supp.1983); however, Robey now contends he was not *acting* as an appointed public servant when, as an employee of a private security firm serving as a store security guard, he accepted money to forego the arrest and prosecution of a person who left the store with unpurchased merchandise.  Although Robey has arguably broached a new argument on rehearing, we briefly address his contention, but deny his request for rehearing.

Robey's assertion is that since he "was not *acting* as a special deputy, the fact that he happened to be one was irrelevant to the determination of whether he was acting as a 'public servant' when the alleged offense occurred."  *Appellant's Brief in Support of Petition for Rehearing* at 2.  This argument is refuted by the same statutes relied upon in our original opinion.  The first statute is IC 35–41–1–24 which provides, in relevant part:

> " 'Public servant' means a person who ... is elected or appointed to office to discharge a public duty for a governmental entity."

[Hereinafter cited as the appointed public servant definition].  The second statute, which must be construed in relation to the first statute, is IC 36–8–10–10.6 (Supp.1983) which empowers a sheriff to appoint special deputies:

> *"During the term of his appointment* and while he is fulfilling the specific responsibilities for which the appointment is made, *a special deputy has the powers, privileges, and duties of a county police officer* under this chapter, subject to any written limitations and specific requirements imposed by the sheriff and signed by the special deputy.  A special deputy is subject to the direction of the sheriff and shall obey the rules and orders of the department."

(Emphasis supplied) [hereinafter cited as the special deputy statute].

The plain language of the special deputy statute states that "during the term of his appointment" a special deputy has the duties of a county police officer.  The duties of a county police officer include the mandate to arrest persons committing a crime within his presence.  As a special deputy, Robey had a duty to apprehend the putative thief—a duty he ignored in exchange for monetary gain.  We fail to see how, under the plain language of this statute, Robey's act could be divorced from his status as a special deputy.  Moreover, as a store security officer, it is inconceivable that Robey would not be expected to apprehend shoplifters.  A security guard, in fulfilling his duties to his employer, necessarily exercises law enforcement powers.  In *Tapp v. State* (1980), Ind.App., 406 N.E.2d 296, this court held that an off duty city police officer serving as a plainclothes store security guard was a law enforce-

---

1.  Ind. Code 35–44–1–2 (1982).

ment officer engaged in his official duties for the purposes of the battery statute, IC 35–42–2–1 (Supp.1985). As Judge Ratliff observed in that case, "it is the nature of the acts performed and not whether the officer is on or off duty, in or out of uniform, which determines whether the officer is engaged in the performance of his official duties." *Tapp, supra,* at 302. This rationale is applicable to Robey's case.

Although he testified that he was not required to become a special deputy to be employed by the private security agency, the salient fact is that Robey was a special deputy at the time he accepted payment to withhold arrest and prosecution. Robey was a security guard, but he was also a special deputy sheriff with the mandatory duty to arrest persons committing crimes in his presence. Thus, we conclude Robey was acting as a public servant when he accepted the bribe.

The petition for rehearing is denied.

SHIELDS and HOFFMAN (sitting by designation), JJ., concur.