**Eloy NIETO, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 34A02–8603–CR–113.**

Court of Appeals of Indiana,
Second District.

Nov. 5, 1986.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Eloy Nieto (Nieto) appeals his convictions of battery against a law enforcement officer, a class A misdemeanor,[1] and resisting a law enforcement officer, a class A misdemeanor,[2] claiming that the evidence was insufficient to prove in each crime that an officer was engaged in the execution of his official duty.

We affirm.

## FACTS

The facts most favorable to the trial court's judgment indicate that on July 13, 1985, at approximately 12:30 a.m., Larkin Fourkiller (Fourkiller), a police officer with the city of Kokomo, received a telephone call at his home from a friend, Ruby Gomez (Gomez), regarding a domestic dispute between her mother, Aurora Gomez (Aurora), and Nieto. Fourkiller learned that the altercation was at Aurora's home on Union Street in Kokomo. Although Fourkiller was off-duty at the time, he proceeded to the Union Street residence. Fourkiller arrived in his personal automobile and was dressed in plain clothing.

Fourkiller observed Nieto arguing with Aurora and her daughter, Mary Gomez. Nieto, who knew Fourkiller was a police officer, became aggressive and boisterous. Fourkiller advised Nieto to calm down and not hit the women anymore. Nieto challenged Fourkiller to a fight, shoved him, and struck him in the face. Fourkiller thereafter defended himself and finally was able to hold Nieto to the ground in an attempt to subdue him.

At that time, Fourkiller told Nieto he was under arrest. Nieto continued to struggle to get away and attempted to kick and hit Fourkiller. Officer James Bohannon (Bohannon) testified that when he arrived on the scene he observed Fourkiller struggling to subdue Nieto. Bohannon attempted to handcuff Nieto. When Fourkiller released his grip, Nieto charged Fourkiller and Bohannon. Notwithstanding continued resistance, Nieto was finally handcuffed by Fourkiller and Bohannon and taken into custody.

## ISSUE

Nieto raises one issue for our consideration:

Was the evidence sufficient to support the convictions?

## DECISION

*PARTIES' CONTENTIONS*—Nieto contends that the evidence was insufficient to support his convictions of battery against a law enforcement officer and resisting law enforcement because Fourkiller was not engaged in the execution of his official duty.

The State responds that the evidence was sufficient to support the convictions because the nature of the act performed by Fourkiller was within the scope of his duties as a Kokomo police officer.

---

1. Ind.Code 35–42–2–1(1) (Supp.1986).

2. IC 35–44–3–3(a)(1) (Supp.1986).

*CONCLUSION*—The evidence was sufficient to support the convictions of battery against a law enforcement officer and resisting law enforcement.

The statutes under which Nieto was convicted provide:

"[A] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: a Class A misdemeanor ... if it is committed against a law enforcement officer ... while the officer is engaged in the execution of his official duty...."

Ind.Code 35–42–2–1(1).

"A person who knowingly or intentionally ... forcibly resists, obstructs, or interferes with a law enforcement officer ... while the officer is lawfully engaged in the execution of his duties as an officer ... commits resisting law enforcement, a Class A misdemeanor."

IC 35–44–3–3(a)(1).

Fourkiller was regularly employed as a police officer for the city of Kokomo. It is undisputed that Fourkiller was a Kokomo police officer on July 13, 1985. *Appellant's Brief* at 4. The question we must decide is whether Fourkiller was engaged in the execution of his duties as an officer at the time of the offenses.

 Fourkiller was engaged in the execution of his official duties. An off-duty police officer can be engaged in the lawful discharge of his duties. *E.g., McKinley v. State* (1984), Ind.App., 465 N.E.2d 742; *Tapp v. State* (1980), Ind.App., 406 N.E.2d 296. This court announced the principle that "it is the nature of the acts performed and not whether the officer is on or off duty, in or out of uniform, which determines whether the officer is engaged in the performance of his official duties." *Tapp, supra,* at 302; *see also Robey v. State* (1985), Ind.App., 484 N.E.2d 628. IC 36–8–3–6(c)(4) (1982) provides that "[t]he police officers of a municipality shall ... suppress all breaches of the peace within their knowledge...." In *Tapp,* Judge Ratliff explained, albeit in dictum, that if a police

officer had observed a fracas in the parking lot of a shopping center the police officer would have "considered it his or her duty to attempt to restore the peace." *Id.* at 302. Therefore, we conclude that when a police officer, whether in uniform or not, takes it upon himself to enforce the law in order to maintain peace and order for the benefit of the public, the officer is performing official duties as a police officer.

Fourkiller tried to calm Nieto down and advised him not to hit the Gomez women. Fourkiller's acts were in the nature of official duties of preserving peace and preventing offenses.

Our interpretation of the phrase "engaged in the execution of his official duty" is consistent with holdings in other jurisdictions. *See, e.g., Brooks v. State* (1977), Okla.Crim., 561 P.2d 137; *Williams v. State* (1969), 45 Wis.2d 44, 172 N.W.2d 31 (when police officer took action to stop a fight, he was no longer off-duty, but rather was preserving public peace and order and thereby acting within the scope of his official duties); *Simms v. State* (1958), 167 Tex.Crim. 315, 319 S.W.2d 717 (off-duty police officer who was assaulted when he stopped to assist a motorist who was being assaulted was in the performance of his duties as a police officer).

This case is distinguishable from cases holding that an officer was not engaged in the performance of his official duties because the conduct involved was personal or private in nature. *See, e.g., Morris v. State* (1975), Tex.Crim., 523 S.W.2d 417 (officer's argument with defendant was private rather than an official act when the police officer, driving his personal car and not dressed in police attire, was assaulted by defendant who complained that the officer had dented his car). As stated above, Nieto struck Fourkiller while the officer was attempting to preserve peace and prevent the commission of criminal acts.

We see no valid basis for Nieto's allegation of error in the conviction of resisting law enforcement. All evidence is to the contrary. Once Fourkiller was able to hold

Nieto to the ground, Fourkiller informed Nieto that he was under arrest. Although Nieto knew Fourkiller was an officer, he still struggled to get away while continually attempting to kick and strike Fourkiller. Moreover, when Bohannon attempted to handcuff the defendant, Nieto charged both Fourkiller and Bohannon.

Therefore, the evidence is sufficient to support the finding that Nieto committed battery against a law enforcement officer and resisted law enforcement while Fourkiller was engaged in the execution of his official duty.

Affirmed.

SULLIVAN and SHIELDS, JJ., concur.