KEVIN P. LEISING, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 70A01-0601-CR-33
Court of Appeals of Indiana.
December 11, 2006
J. D. LUX, Lux & Lux, Shelbyville, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, GARY DAMON SECREST, Deputy Attorney General Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
SHARPNACK, Judge.
Kevin P. Leising appeals his convictions for resisting law enforcement as a class D felony,[1] battery against a law enforcement officer as a class D felony,[2] and disorderly conduct as a class B misdemeanor.[3] Leising raises one issue, which we revise and restate as whether the evidence is sufficient to sustain his convictions for resisting law enforcement, battery against a law enforcement officer, and disorderly conduct. We affirm.
The facts most favorable to the convictions follow. On July 23, 2005, Rush County Deputy Sheriff Robert Schwier ("Deputy Schwier") was on duty and in uniform when he was dispatched to the home of Leising's father, Marvin Leising ("father"), to address a domestic family dispute. Upon arriving at the residence, Deputy Schwier was met by the father, who explained to the deputy that his son, Leising, was refusing to leave the residence after having been asked to leave. Leising's parents had agreed to allow Leising to temporarily reside in their home until he was able to acquire a job and improve his financial situation. Deputy Schwier informed the father that he did not believe that he could forcibly remove Leising from the home but that he would accompany him into the home while the father asked Leising to leave.
Deputy Schwier accompanied the father along with his two other sons down to the basement of the residence where Leising had been staying. Deputy Schwier approached and made contact with Leising, who was situated between two couches in the room. The father then proceeded to ask Leising to leave the residence. Leising refused to leave, declaring that "he wasn't going anywhere." Transcript at 73. Leising reached down and picked up a three-foot long stick from the floor and began beating it against chair in front of him. Further, he declared, "we can do this the easy way or the hard way." Id. at 74. Deputy Schwier advised Leising several times to put the stick down, but he refused to comply and raised the stick above his head. At this point, Deputy Schwier attempted to seize the stick from Leising. In response, Leising began swinging the stick at the deputy, striking his leg several times. After a several minute scuffle in which Deputy Schwier sustained several more blows from Leising's stick, the deputy was finally able to subdue and disarm Leising with the help of the father and his two other sons. Deputy Schwier then handcuffed Leising and took him into custody.
On August 2, 2005, Leising was charged with the following offenses: (1) Count I, resisting law enforcement as a class D felony, (2) Count II, battery against a law enforcement officer as a class D felony, and (3) Count III, disorderly conduct as a class B misdemeanor. The case proceeded to a jury trial where Leising was found guilty of all charges. On December 20, 2005, the trial court sentenced Leising to a three-year sentence, suspended except for 252 days, for each class D felony charge, and a six-month suspended sentence for the class B misdemeanor charge. Sentences on all counts were to be served concurrent to one another. Further, the trial court ordered Leising to be placed on probation for a term of two years and one hundred thirteen days.
The issue is whether the evidence is sufficient to sustain Leising's convictions for resisting law enforcement, battery against a law enforcement officer, and disorderly conduct. When reviewing the sufficiency of evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. Sanders v. State, 704 N.E.2d 119, 123 (Ind. 1999). We will consider the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. Brasher v. State, 746 N.E.2d 71, 72 (Ind. Ct. App. 2001). If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. Sanders, 704 N.E.2d at 123.
We first address Leising's convictions for resisting law enforcement and battery against a law enforcement officer. Leising argues Deputy Schwier had no legal authority by way of court order for eviction, warrant for arrest, or other means, which permitted him to forcibly remove Leising from his parents' home. Absent this legal authority, Leising argues the evidence was insufficient to prove Deputy Schwier was engaged in the execution of his official duties, and therefore, his convictions for these crimes cannot be sustained.
Battery against a law enforcement officer is defined in Ind. Code § 35-42-2-1(a) as follows:
A person who knowingly or intentionally touches another in a rude, insolent, or angry manner commits battery, a class B misdemeanor. However, the offense is:
* * * * *
(2) a Class D felony if it results in bodily injury to:
(A) a law enforcement officer or a person summoned and directed by a law enforcement officer while the officer is engaged in the execution of his official duties.
(Emphasis added). Resisting law enforcement as a class D felony is defined in Ind. Code § 35-44-3-3(a) as follows:
A person who knowingly or intentionally:
(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer;
* * * * *
commits resisting law enforcement, a class A misdemeanor except as provided in subsection (b).
(b) the offense under subsection (a) is a
(1) class D felony if:
* * * * *
(B) while committing any offense described in subsection (a), the person draws or used a deadly weapon, inflicts bodily injury on another, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person;
(Emphasis added).
Here, Leising does not dispute that he knowingly or intentionally touched Deputy Schwier, a law enforcement officer, in a rude, insolent, or angry manner when he repeatedly struck the deputy with a stick. See Ind. Code § 35-42-2-1. Similarly, Leising does not dispute that he knowingly or intentionally forcibly resisted, obstructed, or interfered with Deputy Schwier, a law enforcement officer, when he refused to drop the stick he was holding, resisted Deputy Schwier's attempts to disarm him, and used the stick to inflict bodily injury on the deputy. See Ind. Code § 35-44-3-3. Leising only alleges that Deputy Schwier was not lawfully engaged in the execution of his official duties. However, Leising's position has no merit.
When a police officer takes it upon himself to enforce the law in order to maintain peace and order for the benefit of the public, the officer is performing official duties as a police officer. Nieto v. State, 499 N.E.2d 280, 282 (Ind. Ct. App. 1986). Accordingly, "it is the nature of the acts performed and not whether the officer is on or off duty, in or out of uniform, which determines whether the officer is engaged in the performance of his official duties." Tapp v. State, 406 N.E.2d 296, 302 (Ind. Ct. App. 1980). Furthermore, a private citizen may not use force in resisting a peaceful arrest by an individual he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful. State v. Howell, 782 N.E.2d 1066, 1067-1068 (Ind. Ct. App. 2003).
Here, Deputy Schwier was engaged in the performance of his official duties. When responding to a domestic dispute, a law enforcement officer's concern with maintaining peace and order is paramount to avoid an otherwise potentially dangerous situation from occurring. In this regard, Deputy Schwier was acting within the scope of his official duties to accompany Leising's father into the residence in order to ensure the domestic dispute did not escalate into a violent confrontation. When Leising picked up a stick from the ground, engaged in a threatening display by beating the stick on the chair in front of him, and declared "we can do this the easy way or the hard way," it became clear that Leising posed a potential threat to others in the room. Transcript at 74. Further, when Leising raised the stick above his head, his actions became a real danger not only to the deputy but to the other occupants of the room. Deputy Schwier took it upon himself to enforce the law in order to maintain peace and order for the benefit and safety of others. See Nieto, 499 N.E.2d at 282. Under these circumstances, the jury reasonably concluded that the deputy was engaged in the execution of his duties as an officer at the time. As such, the evidence is sufficient to support the finding that Leising committed resisting law enforcement and battery of a law enforcement officer. See, e.g., Young v. State, 626 N.E.2d 474 (Ind. Ct. App. 1993) (holding that, where a defendant's actions were dangerous or potentially harmful, officers were engaged in the execution of their official duties when they subdued him).
We next address Leising's argument regarding his disorderly conduct conviction. Disorderly conduct is defined in Ind. Code § 35-45-1-3 and provides in pertinent part as follows:
A person who recklessly, knowingly or intentionally:
(1) engages in fighting or in tumultuous conduct;
(2) makes unreasonable noise and continues to so after being asked to stop; or
(3) disrupts the lawful assembly of persons; commits disorderly conduct, a class B misdemeanor
"`Tumultuous conduct' means conduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." Ind. Code § 35-45-1-1.
Leising claims that he did not engage in fighting or tumultuous conduct because he was merely reacting to what appeared to be a threatening confrontation by four men, one of whom was a law enforcement officer. Further, Leising argues he had not violated the law or had not acted in any way to warrant the confrontation. However, we cannot agree.
First, regardless of whether Leising believed he was justified in engaging Deputy Schwier in violent confrontation because the deputy lacked any legal authority to restrain and arrest him, the common law right of a person to resist an unlawful arrest is no longer recognized in Indiana. See Fields v. State, 382 N.E.2d 972, 975 (Ind. Ct. App. 1978) (rejecting the common law right to resist an unlawful arrest). This court has emphasized that the common law rule is outmoded in our modern society. State v. Moriarity, 832 N.E.2d 555, 558 (Ind. Ct. App. 2005). A citizen, today, can seek his remedy for a policeman's unwarranted and illegal intrusion into the citizen's private affairs by bringing a civil action in the courts against the police officer and the government unit which the officer represents. Id. The common law right of forceful resistance to an unlawful arrest tends to promote violence and increases the chances of some getting injured or killed. Id. Consequently, we have held that a private citizen may not use force to resist peaceful arrest by one he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful. Howell, 782 N.E.2d at 1067-1068; see also Fields, 382 N.E.2d at 975-976. As such, in the instant case, Leising had no right to resist the deputy's peaceful attempts to restrain and arrest him.
Secondly, there was sufficient evidence to support the finding that he committed disorderly conduct by engaging in fighting or tumultuous conduct. See Ind. Code § 35-45-1-3. It is undisputed that Leising struggled with Deputy Schwier to maintain possession of the stick and that he repeatedly struck the deputy with this stick in an effort to resist the deputy's attempts to subdue him. Further, testimony of Leising's father and two brothers and Deputy Schwier support that Leising was involved in a fight with the deputy when the deputy attempted to disarm him. The jury reasonably concluded that Leising engaged in fighting or tumultuous conduct. As such, the evidence is sufficient to support the finding that Leising committed disorderly conduct. See, e.g., B.R. v. State, 823 N.E.2d 301, 307 (Ind. Ct. App. 2005) (holding that the evidence was sufficient to sustain the juvenile's conviction for disorderly conduct where, in the midst of a heated argument, the juvenile pointed a knife at another person).
For the foregoing reasons, we affirm Leising's convictions for resisting law enforcement as a class D felony, battery against a law enforcement officer as a class D felony, and disorderly conduct as a class B misdemeanor.
Affirmed.
KIRSCH, C. J. and MATHIAS, J. concur
NOTES
[1] Ind. Code § 35-44-3-3 (2004) (subsequently amended by Pub. L. No. 143-2006, § 2 (eff. July 1, 2006)).
[2] Ind. Code § 35-42-2-1 (Supp. 2005).
[3] Ind. Code § 35-45-1-3 (2004) (subsequently amended by Pub. L. No. 3-2006, § 1 (eff. Mar. 2, 2006)).