**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Mar 07 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTWAIN D. SANDERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1107-CR-313 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1010-FD-1034

**March 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Antwain Sanders argues the evidence was insufficient to support his conviction of Class D felony resisting law enforcement with a vehicle.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

Around 1:30 p.m. on October 19, 2010, South Bend Police Officer Rufino Gayton was at his home. He was off duty but in uniform. Officer Gayton heard his dogs, both of which were in the backyard, barking "a little more loud" than normal. (Tr. at 78.) Looking out his back door, Officer Gayton saw Sanders leaning into the back seat of a vehicle. Sanders pulled out a computer monitor, raised it over his head, and slammed it down onto the concrete. Sanders then sat in the driver's seat of the vehicle and began to drive. Officer Gayton left his house, approached the vehicle, and in a "loud, commanding voice" ordered Sanders to stop. (*Id*. at 83.) Sanders stopped the car a few feet from Officer Gayton. After making eye contact with Officer Gayton, Sanders abruptly sped off, ignoring a stop sign.

Officer Gayton drove his patrol car in pursuit of Sanders. Sanders' vehicle was not found, but Officer Gayton spotted Sanders walking in an alley. Officer Gayton placed Sanders in the patrol car and drove him back to where Sanders had smashed the computer monitor. When they arrived, Officer Gayton opened the cruiser door for Sanders and, as Sander exited the patrol car, Officer Gayton noticed an odor of alcohol coming from Sanders.

The State charged Sanders with Class C misdemeanor operating a motor vehicle

---

[1] Ind. Code § 35-44-3-3(b)(1)(A).

while intoxicated,[2] Class D felony resisting law enforcement, and Class D felony operating a motor vehicle while intoxicated after being convicted of operating a motor vehicle while intoxicated.[3] A jury found Sanders guilty of resisting law enforcement, but not guilty of the operating while intoxicated charges. The court imposed a twenty-four month sentence, with eighteen months suspended to probation.

## DISCUSSION AND DECISION

Sanders argues the evidence was insufficient to sustain his conviction of resisting law enforcement with a vehicle. In reviewing sufficiency of evidence, we may not reweigh evidence or judge credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the trial court's decision, *id.*, and affirm unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000).

A person who knowingly or intentionally "flees from a law enforcement officer after the officer has, by visible or audible means . . . identified himself or herself and ordered the person to stop" commits resisting law enforcement. Ind. Code § 35-44-3-3(a)(3). The crime is a Class D felony if the person uses a vehicle while committing it. Ind. Code § 35-44-3-3(b)(1)(A). Resisting law enforcement in a vehicle can include driving at a high speed after learning of the law enforcement officer's identity and being ordered to stop. *See Mason v. State*, 944 N.E.2d 68, 71 (Ind. Ct. App. 2011), *trans.*

---

[2] Ind. Code § 9-30-5-2(a).
[3] Ind. Code § 9-30-5-3.

*denied*.

Sanders first claims Officer Gayton was not acting within the scope of his official duties when he ordered Sanders to stop. We disagree. "An off-duty police officer can be engaged in the lawful discharge of his duties." *Nieto v. State*, 499 N.E.2d 280, 282 (Ind. Ct. App. 1986). Among the "duties" of a police officer is the duty to "arrest, without process, all persons who within view violate statutes, . . . and retain [those persons] . . . until the cause of the arrest has been investigated." Ind. Code § 36-8-3-6(c)(2). Officers also act within the scope of their official duties when they make investigatory stops based upon a reasonable suspicion of criminal activity. *Haynes v. State*, 937 N.E.2d 1248, 1253 (Ind. Ct. App. 2010), *trans. denied*.

Sanders also argues there is insufficient evidence Officer Gayton was acting with reasonable suspicion. We disagree. Reasonable suspicion for an investigatory stop exists "when, based on a totality of the circumstances, the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Cole v. State*, 878 N.E.2d 882, 885 (Ind. Ct. App. 2007) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). Officer Gayton saw Sanders reach into a vehicle, lift a computer monitor over his head, smash it to the ground, then sit in the driver's seat and prepare to drive away. Officer Gayton testified: "due to the actions of [Sanders], I thought maybe [the computer monitor] was stolen property." (Tr. at 88.) Because Officer Gayton had a reasonable, articulable suspicion that criminal activity was afoot, he was acting within the scope of his official duties. *See*, *e.g.*, *Haynes*, 937 N.E.2d at 1253.

4

Next, Sanders claims that, even if Officer Gayton was acting within the scope of his duties, there was no evidence Sanders fled after Officer Gayton identified himself as a police officer and ordered him to stop. Thus, Sanders alleges, he did not "knowingly" resist law enforcement.

For purposes of Ind. Code § 35-44-3-3(a)(3), "both the police officer's identification and his order to stop may be accomplished by acts visible to the defendant." *Cole v. State*, 475 N.E.2d 306, 309 (Ind. 1985). When Sanders smashed the computer monitor, it was daylight, and Officer Gayton was in uniform. Sanders made eye contact with Officer Gayton and stopped his car within a few feet of Officer Gayton after being ordered to stop. Sanders then accelerated quickly to speed away and ignored a stop sign. These facts permit a reasonable trier of fact to infer Sanders acted knowingly. *See*, *e.g.*, *Spears v. State*, 412 N.E.2d 81, 83 (Ind. Ct. App. 1980) (that Spears sped away after officer approached within three feet of him demonstrated he knowingly fled after the officer ordered him to stop).

The State presented sufficient evidence Officer Gayton was acting within the scope of his official duties and Sanders acted knowingly when he fled the scene after being ordered to stop by an officer in full uniform. Accordingly, we affirm Sanders' conviction of Class D felony resisting law enforcement with a vehicle.

Affirmed.

CRONE, J., and BROWN, J., concur.