**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 19 2013, 6:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LOUIS COLE, )<br>)<br>  Appellant-Defendant, )<br>)<br>  vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>  Appellee-Plaintiff. ) | No.  22A01-1211-CR-506 |

APPEAL FROM THE FLOYD SUPERIOR COURT
The Honorable Maria D. Granger, Judge
Cause No. 22D03-1006-FD-1434

**July 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Louis Cole ("Cole") appeals his conviction after a jury trial for resisting law enforcement, a Class D felony.[1]

We affirm.

## ISSUE

Whether the State presented sufficient evidence to support the conviction.

## FACTS

On June 9, 2010, at approximately 6:00 p.m., New Albany Police Officer Kelly Brown ("Officer Brown") was patrolling in a marked police car when he saw a juvenile female riding as a passenger on a motorcycle. The juvenile passenger was not wearing a helmet, which is a traffic infraction. Officer Brown made a U-turn in order to stop the motorcycle. As Officer Brown attempted to catch up to the motorcycle, he saw the motorcyclist, later identified as Cole, turn the motorcycle into a public housing area. Officer Brown activated his emergency lights to inform Cole that he wanted Cole to stop. Instead, Cole began to go the wrong way on a one-way street.

Officer Brown continued to chase the motorcycle, and he saw Cole look back at his car before beginning to travel down the sidewalk. Cole again looked back at Officer Brown and then guided the motorcycle between the housing area buildings while driving on the sidewalk.

---

[1] Ind. Code § 35-44-3-3(b)(1) (subsequently repealed and re-codified at Ind. Code § 35-44.1-3-1 by Pub. L. No. 126-2012, §§ 53-54 (eff. Jul. 1, 2012)).

Officer Brown was unable to drive his car between the buildings, so he stopped the car and began to follow on foot. At some point, Officer Brown radioed for assistance and informed other officers that Cole was wearing an olive green shirt.

As Officer Brown got to the corner of the first building, he saw the female juvenile passenger walking toward him. The disheveled juvenile identified herself as Cole's daughter, and she told Officer Brown that she had jumped off the motorcycle and had fallen to the ground. She told Officer Brown that Cole had been taking her to see a pig that was in the area.

Officer Brown then came upon Cole's wife, Deborah, who identified Cole as the operator of the motorcycle. She also told Officer Brown that Cole had taken their daughter on the motorcycle to see a pig that was in the neighborhood.

New Albany Police Officer Matthew Edgell ("Officer Edgell") pulled into the housing project and observed Cole running while carrying an olive green t-shirt. When Cole saw Officer Edgell, he stopped then turned around to walk away. Officer Edgell ordered Cole to stop, which he did.

New Albany Police Officer Travis Nelson advised Cole of his *Miranda* rights, and Officer Brown began to question him. At first, Cole acted as if he did not know what was happening. However, when Officer Brown mentioned the pig, Cole admitted that he had taken his daughter on the motorcycle to see the pig.

3

On June 10, 2010, Cole was charged with Class D felony resisting law enforcement and was issued citations for an expired license plate and traveling the wrong way on a one-way street.

On May 25, 2011, a jury found Cole guilty of resisting law enforcement charge. The trial court subsequently sentenced Cole to an executed term of 966 days, with 483 days of jail time credit.

Cole now appeals.

### DISCUSSION AND DECISION

Cole contends that the State's evidence was insufficient to support his conviction for resisting law enforcement. Specifically, he contends that "[t]he only evidence to support the State's assertion that Cole disregarded Officer Brown's emergency lights is Officer Brown's testimony that Cole looked back toward his vehicle on two occasions as Officer Brown followed Cole." (Cole's Br. 6). He further contends that "[i]t is pure conjecture on the State's part to infer that Cole either saw the lights or knew that the lights were intended to order him to stop." *Id*. He concludes that his conviction may not rest on such conjecture.

Our standard of review for sufficiency claims is well settled. In reviewing sufficiency of the evidence claims, this Court does not reweigh the evidence or assess the credibility of witnesses. *Davis v. State*, 791 N.E.2d 266, 269 (Ind. Ct. App. 2003), *trans. denied*. We consider only the evidence most favorable to the judgment, together with all reasonable inferences drawn therefrom. *Id.* at 269-70. The conviction will be affirmed if

4

there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.* at 270. Reversal is appropriate "only when reasonable persons would not be able to form inferences as to each material element of the offense." *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009). A conviction may be sustained on the testimony of a single witness. *Baltimore v. State*, 878 N.E.2d 253, 258 (Ind. Ct. App. 2007), *trans. denied*.

To convict a person of Class D resisting law enforcement, the State is required to establish that the person knowingly or intentionally fled in a vehicle from an officer after the officer had, "by visible or audible means, including operation of siren or emergency lights, identified himself or herself and ordered the person to stop . . . . Ind. Code § 35-44-3-3(b)(1). For purposes of the statute "both the police officer's identification and his order to stop may be accomplished by acts visible to the defendant." *Cole v. State*, 475 N.E.2d 306, 309 (Ind. 1985) (holding that a police officer provided a sufficient visual order to stop where the officer made a U-turn, followed the defendant and slowed his police car when defendant stopped his car, and opened his car door and was existing when defendant fled).

Here, Officer Brown made a U-turn to pursue Cole because of the traffic infraction that he observed concerning the juvenile passenger on the motorcycle. Officer Brown activated his emergency lights and watched as Cole turned the wrong way on a one-way street and operated his motorcycle on the sidewalk. Cole twice looked back at Officer Brown, and he eventually operated his vehicle on sidewalks between the buildings in the

housing area.  As soon as Cole managed to get out of sight, he presumably caused his daughter to jump from the motorcycle.  Cole then hid the motorcycle and initially tried to deceive the officers about his operation of the vehicle.

The jury was warranted in inferring from Cole's actions that Officer Brown's acts were visible to Cole and that Cole knew that he had been ordered to stop the motorcycle. The jury could further infer that Cole was attempting to evade Officer Brown.  Under the circumstances, the State met the requirements set forth by the statute.  Accordingly, the State presented sufficient evidence to support the conviction.

Affirmed.

KIRSCH, J., and VAIDIK, J., conur.