Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN WALLACE,                        )
                                     )
    Appellant-Defendant,             )
                                     )
      vs.                          )     No. 49A02-1306-CR-524
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.              )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1304-CM-20416

**January 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

John Wallace appeals his conviction for Class A misdemeanor resisting law enforcement. He argues that the evidence is insufficient to sustain his conviction because no evidence was presented that Officer Greg Moore was a law-enforcement officer. Finding that the evidence was sufficient to establish that Officer Moore was a law-enforcement officer, we affirm.

**Facts and Procedural History**

In March 2013, Paul Wells was employed by Securatex, Inc. as a private corrections officer at Duvall Residential Center in Indianapolis. Wallace was in the yard at the back of the Center causing a disturbance by telling other residents that he would "chop them up." Tr. p. 8. Wells and another security officer assisted in taking Wallace to the intake area where he could be separated from the other residents. They handcuffed Wallace to a bench. Wells and the other security officer then took Wallace to a holding cell, which could be locked.

Upon reaching the holding cell, Wells told Wallace that he would remove one handcuff and attach it to a bench. Wells instructed Wallace not to make any sudden movements. When the handcuff was removed, Wallace went into "a state of rage." *Id.* at 10. Wallace started growling and making strange noises. He also stiffened his body, preventing Wells from sitting him on the bench and securing the handcuff to the bench. Wallace then began to lunge and tried to pull away from Wells. Wells could not let go of Wallace because he was afraid Wallace would use the unsecured handcuff as a weapon. During the ensuing struggle, Wallace looked directly at Wells and elbowed him in the jaw.

2

While Wells was trying to subdue Wallace, Wallace slammed Wells's wrist into the holding-cell door, causing him pain.

Meanwhile, Officer Moore walked by the holding cell. Officer Moore works for the Jonesboro Police Department and also does contract security work for Securatex at Duvall Residential Center. *Id.* at 15. Officer Moore was at the Center to make copies for a warrant he planned to serve on someone else later that day. He was wearing his Jonesboro Police Department uniform and his jacket with "police" written in large letters across the back. *Id.* at 23; Ex. 1. He was also wearing a badge. Tr. p. 33. After he walked past the room, he heard a struggle and a sound like someone was being hit. Officer Moore walked back down the hall and looked into the holding cell. He saw Wells and the other security officer struggling with Wallace.

Officer Moore entered the room and, as he did, Wallace looked directly at him and started moving in his direction. Officer Moore put his arm out and stopped Wallace from coming any closer. He told Wallace to stop resisting and put his hands behind his back. Wallace refused. Officer Moore forced Wallace toward the wall while the security officers held his arm. Wallace continued to struggle and started pulling away from the officers. Officer Moore pulled Wallace back and put him in the holding cell. In the holding cell, Officer Moore ordered Wallace to lie on the ground, but Wallace refused. Wallace was eventually subdued.

The State charged Wallace with Class A misdemeanor battery (Wells) and Class A misdemeanor resisting law enforcement (Moore). Appellant's App. p. 16-17. A bench trial was held. At trial, Wallace testified that he did not know that Moore was a police

3

officer. However, Wallace added that he "assumed that he was." Tr. p. 32. The trial court found Wallace guilty of Class A misdemeanor battery and Class A misdemeanor resisting law enforcement. The trial court sentenced him to 365 days in the Marion County Jail, with 95 days suspended. *Id.* at 46.

Wallace now appeals.

## Discussion and Decision

Wallace contends that the evidence is insufficient to support his conviction for Class A misdemeanor resisting law enforcement.[1] When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

Class A misdemeanor resisting law enforcement occurs when a person knowingly or intentionally forcibly resists, obstructs, or interferes with a law-enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties. Ind. Code § 35-44.1-3-1(a)(1). Wallace does not dispute that he knowingly or intentionally forcibly resisted Officer Moore. Instead, Wallace argues that the State presented insufficient evidence that Officer Moore was a law enforcement officer, that he knew Officer Moore was a law-enforcement officer, and that Officer Moore was

---

[1] Wallace does not challenge his conviction for Class A misdemeanor battery.

4

acting within the course of his official duties as an officer. The term "law-enforcement officer" includes:

> (1) A state police officer.
> (2) A city, town, or county police officer.
> (3) A sheriff.
> (4) A county coroner in accordance with IC 36-2-14-4.
> (5) A conservation officer.
> (6) An individual assigned duties and limitations under IC 10-11-2-26.
> (7) A member of a consolidated law enforcement department established under IC 36-3-1-5.1.
> (8) An excise police officer of the alcohol and tobacco commission.
> (9) A gaming control officer employed by the gaming control division under IC 4-33-20.

Ind. Code § 9-13-2-92.

First, Wallace argues that Officer Moore was not a law-enforcement officer. But Officer Moore testified that he worked for the Jonesboro Police Department. Tr. p. 15. At the time of the incident, Officer Moore was wearing his Jonesboro police uniform, badge, and jacket with "police" in large letters across the back. *Id.* at 23, 33; Ex. 1. The record clearly establishes that Officer Moore is a law-enforcement officer.

Second, Wallace essentially argues that he did not know that Officer Moore was a law-enforcement officer. However, the record shows that he knew or should have known that Officer Moore was a law-enforcement officer. Officer Moore was in full uniform and wearing a jacket with the word "police" written in large letters across the back. *Id.* Moreover, Wallace testified that he noticed the badge and assumed Officer Moore was a police officer. Tr. p. 32. Officer Moore also testified that Wallace looked "straight at me." *Id.* at 17. *See Clanton v. State*, 977 N.E.2d 1018, 1024 (Ind. Ct. App. 2012) ("Although Officer Price may not have verbally identified himself as a police officer . . . it seems likely

5

that someone being approached by two men wearing full police uniforms would assume that the men were acting in a state-sanctioned law enforcement capacity and not as security officers for the apartment complex."). Because Officer Moore was wearing a police uniform, Wallace looked directly at him, and Wallace saw his badge, he knew or should have known that Officer Moore was a law-enforcement officer.

Third, Wallace argues that Officer Moore was not acting in the course of his official duties when he assisted Wells and the other security officer in subduing Wallace. Wallace cites *K.W. v. State* for this proposition, arguing that Wallace acted in his capacity as a security officer rather than as a law-enforcement officer. *See* 984 N.E.2d 610 (Ind. 2013). However, *K.W.* is distinguishable. In that case, our Supreme Court held that an Indianapolis Metropolitan Police Department officer working as a school-liaison officer is not a law-enforcement officer under the resisting-law-enforcement statute. *Id.* at 613. In determining that the school-liaison officer was not a law-enforcement officer, the Court was concerned about the risk of blurring the Fourth Amendment line between school-discipline and law-enforcement duties "by allowing the same officer to invisibly 'switch hats'—taking a disciplinary role to conduct a warrantless search in one moment, then in the next taking a law-enforcement role to make an arrest based on the fruits of that search." *Id.*

The Court's concern about blurring the Fourth Amendment distinction is not present in this case. Officer Moore, acting as a law-enforcement officer, had the same obligations under the Fourth Amendment that he would if acting as a security officer. Instead, as stated in *Nieto v. State*, "when a police officer, whether in uniform or not, takes it upon himself

6

to enforce the law in order to maintain peace and order for the benefit of the public, the officer is performing official duties as a police officer." 499 N.E.2d 280, 282 (Ind. Ct. App. 1986). Here, Officer Moore observed the security officers struggling with Wallace and helped them gain control of Wallace and place him in a holding cell. In assisting the security officers in gaining control of Wallace, Officer Moore was acting in his capacity as a law-enforcement officer.

Wallace's arguments that there was no evidence that Officer Moore was a law-enforcement officer or that Officer Moore was not engaged in law-enforcement activity are simply requests to reweigh evidence, which we may not do. The evidence is sufficient to support his conviction.

Affirmed.

RILEY, J., and MAY, J., concur.