David E. CORBIN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–9005–CR–275.

Court of Appeals of Indiana,
Second District.

March 27, 1991.

Lesa Lux Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

The issue on appeal is whether evidence of flight is admissible in a prosecution for resisting law enforcement if the order to stop was unlawful.

Corbin argues the holding in *Williams v. State* (1985), Ind., 477 N.E.2d 96 requires the exclusion of evidence essential to Corbin's conviction, his flight following the police officer's order to stop, because the order to stop was not based on specific or articulable facts required by *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 and *Brown v. Texas* (1979), 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357.

The State argues the legality of a police stop is not a consideration when a person disregards an order to stop: absent excessive or unnecessary force, a private citizen may not use force to resist arrest by one he knows, or has reason to believe, is an authorized police officer engaged in the performance of his duties regardless of the legality of the arrest. *E.g. City of Indianapolis v. Ervin* (1980), Ind.App., 405 N.E.2d 55.

In *Williams* the issue was whether evidence of Williams's flight after an allegedly improper investigatory stop was admissible in his prosecution for criminal deviate conduct, three counts of rape and three counts of robbery. Williams was the subject of an investigatory stop in Missouri. When the investigating officer discovered Williams was wanted in Indiana he arrested Williams after Williams tried to flee. Our supreme court agreed the investigatory stop in Missouri exceeded constitutional limits. In affirming Williams's convictions the court opined "the only excludable evidence stemming from the illegal detention is of the defendant's flight." 477 N.E.2d at 99. However, the court further concluded the error in admitting the evidence was harmless beyond a reasonable doubt in light of the remaining evidence.

*Williams*, then, involves evidence obtained as the result of an unlawful stop and tainted thereby (fruit of the poisonous tree[1]) *i.e.*, Williams was unlawfully

1. *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

stopped and the evidence obtained as a result of the unlawful stop, evidence of his attempted flight, was illegally obtained. In contrast, the evidence here is not the product of a stop at all and, therefore, cases of an unlawful stop resulting in evidence obtained pursuant to the unlawful stop are distinguishable.

Similarly distinguishable are those cases relied upon by the State which involve the use of force by a citizen to resist an unlawful arrest. In *City of Indianapolis v. Ervin* (1980), Ind.App., 405 N.E.2d 55 this court acknowledged the following instruction as a correct statement of the law:

> In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties whether or not the arrest is illegal under the circumstances.

405 N.E.2d at 63. The instant case does not involve a question concerning the use of force by either the police or by Corbin; the question involves evidence Corbin failed to stop.

■ In our opinion evidence of flight following a police officer's order to stop is admissible in a prosecution for resisting law enforcement regardless of the lawfulness of the order. Certainly, the statute defining the offense does not condition the offense upon a lawful order. It reads, in relevant part:

> (a) A person who knowingly or intentionally:
>
> \*  \*  \*  \*  \*  \*
>
> (3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop; commits resisting law enforcement, a Class A misdemeanor....

IC 35–44–3–3(a)(3) (1988).

■ Also, we fail to find any constitutional impediment to the admission of the evidence of Corbin's flight in a prosecution

for resisting law enforcement. There is no fourth amendment issue. Corbin's flight was in response to an order to stop; in fact he never stopped and nothing was seized from him.[2]

Judgment affirmed.

BUCHANAN and STATON, JJ., concur.

---

2. Corbin's remedy, if any, is with the civil law.