**STATE of Indiana, Appellant–Plaintiff,**

v.

**James Vann HOWELL, Appellee–Defendant.**

No. 45A03–0209–CR–324.

Court of Appeals of Indiana.

Feb. 11, 2003.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jeffrey Schlesinger, Crown Point, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff the State of Indiana (the State) appeals the trial court's grant of James V. Howell's motion to dismiss various criminal charges that had been filed against him. Specifically, the State contends that the case should not have been dismissed because although the police officer that arrested Howell might have conducted an illegal traffic stop, Howell did not have the right to resist the stop by fleeing in his vehicle, driving recklessly and forcibly resisting arrest. Concluding that the State's affidavit established that Howell improperly resisted arrest and drove recklessly, we reverse the trial court's order of dismissal.

### FACTS

On August 29, 2001, at approximately 1:17 a.m., Hammond Police Officer Robert Tichy was on routine patrol in his marked squad car when he attempted to stop Howell for having a blue neon light on his vehicle that encircled the license plate. Officer Tichy was of the belief that such a light constituted an infraction. Although Officer Tichy activated his emergency lights, Howell did not stop and continued to drive at a normal rate of speed. Officer Tichy then activated his siren, whereupon Howell increased his speed and turned into an alley. Howell was operating his vehicle at a speed of approximately thirty miles per hour in a ten mile per hour speed zone. Howell eventually stopped his vehicle and

fled on foot. Following a brief chase, Officer Tichy apprehended Howell. Howell proceeded to resist Officer Tichy's attempts to handcuff him, forcing Officer Tichy to use mace in order to subdue him. As a result of the scuffle, both Officer Tichy and Howell suffered scratches and abrasions. A subsequent check of Howell's driving record revealed that he was a habitual traffic offender.

The State then charged Howell with two counts of Resisting Law Enforcement,[1] a class D felony, Reckless Driving,[2] a class B misdemeanor, Illegal Display of a Blue Light,[3] a class C infraction and Operating a Vehicle As a Habitual Traffic Violator.[4] Thereafter, the State filed an amended information charging Howell with being a Habitual Offender[5] because he had accumulated convictions for robbery and theft.

Prior to trial, Howell moved to dismiss the charges, alleging that Officer Tichy improperly stopped him because he had not committed any traffic offense. Following a hearing, the trial court granted Howell's motion, concluding that the statute prohibiting blue lights on automobiles "is not ... geared at neon lights." Appellant's App. p. 77. The trial court reasoned that the legislative intent behind the statute "is to regulate overzealous volunteer fire department personnel from placing light bars on their vehicles, or an assortment of police emergency lights and does not apply to neon lights placed around a license plate frame." Appellant's Br. p. 10. As a result, all charges against Howell were dismissed and the State now appeals.

## DISCUSSION AND DECISION

In reviewing the trial court's grant of a motion to dismiss, we will reverse the ruling only when an abuse of discretion occurs. *Sivels v. State,* 741 N.E.2d 1197, 1202 (Ind.2001). We will reverse only if the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State,* 678 N.E.2d 386, 390 (Ind. 1997).

■ Turning to the circumstances here, we note that the former common law rule permitting an individual to resist an unlawful arrest with reasonable force is no longer the law in Indiana. *See Fields v. State,* 178 Ind.App. 350, 355, 382 N.E.2d 972, 975–76 (1978) (declaring the common law rule to be "outmoded in our modern society"). We now follow the modern view that "a private citizen may not use force or resist peaceful arrest by one he knows or has good reason to believe is an authorized officer performing his duties, regardless of whether the arrest is illegal in the circumstances of the occasion." *Id.* at 977. Our supreme court went on to observe that a citizen today may readily find a remedy for an unwarranted intrusion by bringing a civil action in the courts against the police officer and governmental unit that invaded his privacy. *Id.* at 975. Therefore, the general rule has become that a person may not flee from a police officer that orders a person to stop regardless of the lawfulness of the officer's order. *Lashley v. State,* 745 N.E.2d 254, 261 (Ind.Ct.App.2001), *trans. denied.* This court has also declared that a private citizen may not use force in resisting a peaceful arrest by an

---

1. Ind.Code § 35-44-3-3. Howell was charged with a class D felony because he used a vehicle to flee from Officer Tichy.

2. Ind.Code § 9-21-8-52.

3. Ind.Code § 36-8-12-11. This statute provides that "A person who is not a member of a volunteer fire department, may not display a blue light of any size or shape on a motor vehicle."

4. Ind.Code § 9-30-10-16.

5. Ind.Code § 35-50-2-8.

individual who he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful. *Shoultz v. State,* 735 N.E.2d 818, 823 (Ind.Ct.App. 2000), *trans. denied.* Moreover, our resisting statute does not condition the commission of the offense upon the enforcement of a lawful order. *See Alspach v. State,* 755 N.E.2d 209, 211 (Ind.Ct.App. 2001), *trans. denied.*

■ This being said, the record shows that the affidavit executed by Officer Tichy presented ample probable cause that Howell had committed a number of criminal offenses. After Howell fled from Officer Tichy in his vehicle, Officer Tichy stated in his probable cause affidavit that he continued to speed away and drove his automobile in a reckless manner in an attempt to avoid capture. Appellant's App. p. 9. Officer Tichy also acknowledged that Howell physically resisted the arrest which caused him to sustain bruises and other abrasions. Appellant's App. p. 9. Thus, regardless of whether the initial stop of Howell was justified, there was ample probable cause that Howell had committed the charged offenses. As a result, the trial court's determination that the initial stop may have been unlawful does not prevent the State from pursuing the criminal charges against Howell. Therefore, we conclude that the trial court erred in granting Howell's motion to dismiss.

Reversed and remanded for trial.

RILEY, J., and VAIDIK, J., concur.