Delrick L. DANDRIDGE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–0307–CR–619.

Court of Appeals of Indiana.

June 23, 2004.

Transfer Denied Aug. 4, 2004.

---

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Delrick Dandridge (Dandridge) was convicted of Class A felony dealing in cocaine [1] and Class A misdemeanor resisting law enforcement [2] in Tippecanoe Superior Court. He appeals and raises the following issues:

I.  Whether evidence obtained as a result of his arrest should be suppressed because the State failed to establish that there was an existing arrest warrant; and,

II.  Whether the evidence was sufficient to support his conviction for dealing in cocaine.

We affirm.

### Facts and Procedural History

On August 30, 2002, at approximately 9:15 p.m., Lafayette Police Department Detectives Jay Rosen and Timothy Payne, who were traveling in an unmarked squad car and not wearing uniforms, observed Dandridge walking down Holloway Street. The detectives recognized Dandridge [3] and brought the car to a sudden stop. Tr. pp. 33, 63–64. Dandridge began to run, and Detective Payne jumped out of the car, ordered Dandridge to stop, and identified himself as a police officer. Tr. pp. 64–65.

1.  Ind.Code § 35–48–4–1 (1998 & Supp.2003).

2.  Ind.Code § 35–44–3–3 (1998 & Supp.2003).

3.  At the sentencing hearing, Detective Payne testified that at the time of Dandridge's arrest, Payne was investigating Dandridge for cocaine dealing. Detective Payne stated that on the date of Dandridge's arrest, he had received an anonymous tip that Dandridge

would be at that location on Holloway. That's why we were there looking for him. Tr. p. 203. Detective Payne also stated, the tip was that [Dandridge] was in Chicago picking up a large ship [sic] to bring back and sell and he would be in a white car. And when I turned the corner I saw [Dandridge] walking across the street and there was a white car pulling away. Tr. p. 205.

Dandridge continued to run from the officers and called back, "not today." Tr. pp. 34, 65. The detectives pursued Dandridge, and at one point during their pursuit, Detective Payne saw Dandridge drop a bag with a white substance in it, pick up the bag and continue running. Tr. p. 65.

Eventually, Detective Rosen caught Dandridge, and Dandridge was handcuffed and searched. During the search, the detectives found $351.38 in Dandridge's pocket and a bag containing eight individual packages of what appeared to be crack cocaine underneath Dandridge. Tr. pp. 69–71. When Detective Payne retrieved the bag, he stated, "your [sic] done Del," to which Dandridge replied, "I know." Tr. p. 70.

Dandridge was then Mirandized and transported to the police station. At the station, he asked the detectives to remove the "rocks" of crack cocaine from the individual bags and place them in one bag or just throw away the "rocks." Tr. pp. 41, 73. He also told the detectives that he had already sold half of the cocaine. Tr. p. 73. The total weight of the cocaine found in Dandridge's possession was 10.07 grams.

Dandridge was subsequently charged with Class A felony dealing in cocaine, Class A felony possession of cocaine within one thousand feet of a school, and Class A misdemeanor resisting law enforcement.

Prior to trial, Dandridge filed a pro se motion to quash his arrest and suppress all evidence obtained as a result of that arrest. In that motion, Dandridge argued that his arrest "was made without authority of a valid search or arrest warrant[ ]." Appellant's App. p. 9. At the hearing held on Dandridge's motion prior to trial, the State asserted that on August 30, 2002, the detectives had a physical description and photograph of Dandridge as well as a valid arrest warrant for him. Tr. pp. 6–7. Dandridge's appointed counsel argued that the evidence seized from Dandridge and any subsequent statements he made "should be suppressed as an illegal stop and seizure." Tr. p. 9. He also stated,

> Uh, in this case, I've never seen these warrants. I don't know if he has these warrants with him today but it is—it is noted in the report of the officers that these warrants had to be confirmed after he was detained. We don't know if these warrants existed at the time.

Tr. p. 8. However, neither party presented any testimony or other evidence with regard to the existence of an arrest warrant.[4] The trial court denied Dandridge's motion to suppress.

A jury trial commenced on May 20, 2003.[5] At trial, Dandridge testified that he stole the cocaine for his own personal use

---

**4.** At the sentencing hearing, Detective Payne testified that he was aware that there were four existing warrants for Dandridge's arrest, one through the Lafayette Police Department, one or two through the Tippecanoe Sheriff's Department, and one from Arkansas. Tr. pp. 203–04. Detective Payne stated that he believed that he saw the warrants, but later testified that he could not recall seeing them. Tr. pp. 203–04. Detective Payne also testified that Dandridge was being investigated by the Lafayette Police Department for robbery. He stated, Dandridge "did not have a warrant for his arrest on the robbery charge. I do know that there were warrants. Arkansas had

faxed me information that they were looking for him. They wanted us to try and apprehend him. This was during our robbery investigation." Tr. p. 204. We note that the State did not call Detective Payne to testify at the suppression hearing.

**5.** We note that at trial Dandridge did not object to the detectives' testimony concerning their arrest and search of Dandridge and the statements he made to them subsequent to his arrest. Also, Dandridge did not object to the forensic chemist's testimony identifying the substance in the bag as cocaine with a weight of 10.07 grams.

and did not intend to sell it. Tr. pp. 141, 145–46. The jury found Dandridge guilty of Class A felony dealing in cocaine, Class A felony possession of cocaine within one thousand feet of a school, and Class A misdemeanor resisting law enforcement.

At the sentencing hearing, the trial court vacated the Class A felony possession of cocaine conviction. The court then sentenced Dandridge to concurrent terms of forty years with five years suspended for the Class A felony dealing in cocaine conviction and one year suspended for the Class A misdemeanor resisting law enforcement conviction. Dandridge now appeals. Additional facts will be provided as necessary.

### I. Motion to Suppress

■ Dandridge argues that the trial court erred when it denied his motion to suppress. Specifically, Dandridge contends that after he challenged the existence of the arrest warrant, the State was required to produce the warrant, which it failed to do.

■ We need not address Dandridge's argument concerning his motion to suppress on its merits. In Indiana, an individual may not flee from a police officer who has ordered the person to stop, regardless of the apparent or ultimate lawfulness of the officer's order. *See State v. Howell,* 782 N.E.2d 1066, 1067 (Ind.Ct. App.2003) (citing *Lashley v. State,* 745 N.E.2d 254, 261 (Ind.Ct.App.2001), *trans. denied* ).

In this case, Detectives Rosen and Payne observed Dandridge walking down Holloway Street. The detectives recognized Dandridge, likely as both a robbery

suspect and a fugitive, and brought the car to a sudden stop. Dandridge began to run, and Detective Payne jumped out of the car, ordered Dandridge to stop, and identified himself as a police officer. Dandridge continued to run from the officers and called back, "not today." Tr. pp. 34, 65. The detectives eventually caught Dandridge, and he was arrested and searched incident to that arrest. Dandridge was charged with and convicted of resisting law enforcement, a conviction he does not challenge in this appeal. Accordingly, the search was performed pursuant to a lawful arrest, and therefore, the trial court did not err in admitting the evidence obtained as a result of his lawful arrest.[6]

### II. Dealing in Cocaine

■ Dandridge also argues that the evidence was insufficient to support his conviction for dealing in cocaine. Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Cox v. State,* 774 N.E.2d 1025, 1029 (Ind. Ct.App.2002). We only consider the evidence most favorable to the judgment and the reasonable inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Armour v. State,* 762 N.E.2d 208, 215 (Ind. Ct.App.2002), *trans. denied.*

■ To sustain a conviction for Class A felony dealing in cocaine, the State had to prove that Dandridge knowingly or intentionally possessed cocaine in an amount of three grams or more with intent to deliv-

---

**6.** In his reply brief, Dandridge argues that with regard to the suppression issue, the State waived the argument that the detectives lawfully arrested Dandridge because he resisted arrest. Reply Br. of Appellant at 6. However, at the hearing on the motion to suppress, the

State did note that the detectives identified themselves as police officers and ordered Dandridge to stop several times, and that Dandridge ignored their commands to stop. Tr. p. 9.

er cocaine.[7] *See* Ind.Code § 35–48–4–1 (1998 & Supp.2003). Dandridge argues that the State failed to prove that he had intent to deliver cocaine because the quantity possessed, 10.07 grams, is an amount indicative of personal use, not dealing. Dandridge also asserts that he stole the cocaine at issue for his own personal use. We initially observe that "[i]ntent, being a mental state, can only be established by considering the behavior of the relevant actor, the surrounding circumstances, and the reasonable inferences to be drawn from them." *Davis v. State*, 791 N.E.2d 266, 270 (Ind.Ct.App.2003), *trans. denied* (citing *Love v. State*, 741 N.E.2d 789, 792 (Ind.Ct.App.2001)).

In this case, during the search incident to his arrest, the detectives found $351.38 in Dandridge's pocket and a bag containing what was later identified as eight individual packages of cocaine. Tr. pp. 69–71. When Detective Payne retrieved the bag, he stated, "your [sic] done Del," to which Dandridge replied, "I know." Tr. p. 70. Dandridge was then Mirandized and transported to the police station. At the station, he asked the detectives to remove the "rocks" of cocaine from the individual bags and place them in one bag or just throw away the "rocks." Tr. pp. 41, 73. He also told the detectives that he had already sold half of the cocaine. Tr. p. 73. At trial, Detective Daniel Shumaker, who has been involved in several hundred narcotics investigations, testified that the quantity of cocaine, its packaging, and the money found in Dandridge's pocket indicated dealing in cocaine. Tr. pp. 113–14.

Under these facts and circumstances, the evidence is sufficient to support Dandridge's Class A felony dealing in cocaine conviction. *See Davis*, 791 N.E.2d at 270 ("Due to the amount of cocaine that Davis possessed compared to the amount a drug user would typically use, and the fact that the rocks were individually wrapped, we find that the State presented sufficient evidence to sustain Davis' conviction for possession of cocaine with intent to deliver."). Dandridge's argument that he stole the cocaine for his own personal use constitutes an invitation to reweigh the evidence and the credibility of the witnesses, which our court will not do. *See Glotzbach v. State*, 783 N.E.2d 1221, 1228 (Ind.Ct. App.2003).[8]

### Conclusion

The evidence obtained from Dandridge's lawful arrest and the search incident to his arrest was properly admitted at trial. Also, Dandridge's Class A felony conviction for dealing in cocaine is supported by sufficient evidence.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.

---

**7.** The charging information provided: On or about the 30th day of August, 2002, in Tippecanoe County, State of Indiana, Delrick L. Dandridge Jr. did knowingly or intentionally possess, with intent to deliver, cocaine, pure or adulterated, in an amount of three (3) grams of [sic] more[.] Appellant's App. p. 6.

**8.** Dandridge also argues that the evidence was insufficient to support his conviction for possession of cocaine within one thousand feet of a school. The trial court vacated that conviction and because we affirm Dandridge's conviction for dealing in cocaine, we need not address that argument.