**Donna P. MASOTTO, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 32A03–0812–CR–624.**

Court of Appeals of Indiana.

June 19, 2009.

Paula M. Sauer, Danville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Tiffany N. Romine, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issue

Donna Masotto appeals her conviction, following a bench trial, of battery on a law enforcement officer, a Class A misdemeanor. For our review, Masotto raises a single issue, whether sufficient evidence supports her conviction. Concluding the evidence is sufficient, we affirm.

### Facts and Procedural History

On March 28, 2008, police were called to Masotto's apartment to investigate noise complaints on three separate occasions within five hours. Officer Jason Calloway responded on the latter two occasions. On his first response—the second overall—Officer Calloway asked Jackie Vasquez, Masotto's boyfriend,[1] to turn down the television, which was extremely loud, and Vasquez complied. Officer Calloway then asked Vasquez to turn down the stereo in the rear bedroom, which was also extremely loud. From the front door, Officer Calloway observed as Vasquez went to the

---

1. Vasquez did not live at the apartment but sometimes stayed overnight.

rear bedroom and asked someone to turn down the stereo.

On his second response—the third overall—Officer Calloway testified that he could plainly hear a loud stereo ten to fifteen yards away from Masotto's window. Officer Calloway knocked on the front door of the apartment and was invited in by Vasquez. Officer Calloway was accompanied by a second officer, and Officer Aaron Mathewson arrived, separately, a short time later. The officers explained to Vasquez that they would be issuing a citation for disorderly conduct because this was their third response to the apartment for noise complaints. From the back room, Officer Calloway could hear Masotto's voice cursing excessively, refusing to turn down the music, and yelling at the officers to leave the apartment. Officer Calloway asked Masotto to come out to the living room and present her identification so that he could issue the citation, but she refused. Officer Calloway then went back to the bedroom and looked in to see Masotto laying down in the bed with covers drawn over her. Throughout the incident, Masotto continuously cursed at the officers and told them to leave her apartment.

Officer Calloway returned to the living room to attempt to get Masotto's identification from Vasquez. At this point, Masotto came out of her room, completely naked, and walked toward the officers cursing and telling them to get out of the apartment. At that point, the officer-in-charge decided the officers should leave the apartment and return the next day to issue the citation. As the three officers walked out the front door, Masotto pushed Officer Mathewson, who was last in line, in the back. Officer Mathewson then felt the door hit him on the heel. All three of the officers then returned to the apartment and subdued and arrested Masotto.

On March 31, 2008, the State charged Masotto with battery on a law enforcement officer, a Class A misdemeanor, and disorderly conduct, a Class B misdemeanor. The trial court conducted a bench trial on November 5, 2008, after which it convicted Masotto of battery on a law enforcement officer, but acquitted her of disorderly conduct. The trial court sentenced Masotto to 365 days with 355 suspended to probation and the remaining ten days fulfilled by time served with good time credit. Masotto now appeals.

*Discussion and Decision*

### I. Standard of Review

In reviewing sufficiency of the evidence claims:

> [we] must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. [T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State,* 867 N.E.2d 144, 146–47 (Ind.2007) (citations and quotations omitted) (emphasis in original).

### II. Battery on a Law Enforcement Officer

 To sustain a conviction for battery on a law enforcement officer, the State must prove beyond a reasonable doubt that Masotto knowingly or intentionally touched a law enforcement officer engaged in his official duty in a rude, insolent, or

angry manner. Ind.Code § 35–42–2–1(a)(1)(B). Masotto does not contest the sufficiency of the evidence that she battered Officer Mathewson. Instead, Masotto argues the officers entered her home unlawfully because they did not have a warrant and no circumstances existed justifying an exception to the warrant requirement.

■ "The purpose ... for providing increased penalties for crimes when committed against a public official, such as a police officer, is to afford a greater degree of protection to persons who might be subjected to special risks because they are performing public duties." *Tapp v. State,* 406 N.E.2d 296, 300 (Ind.Ct.App.1980). "[P]ublic policy requires that law enforcement officials who are subject to the greater threats of battery than the ordinary citizen be given additional protection, but only when the increased risks result from actions involving the execution of their official duties." *Id.*

A police officer's official duties include inter alia: arresting, without process, "all persons who within view violate statutes"; enforcing municipal ordinances; and suppressing "all breaches of the peace within their knowledge." Ind.Code § 36–8–3–6(c). Officer Calloway testified that he made two separate trips to Masotto's apartment to address noise complaints and was aware that another officer made a third, prior trip for the same purpose. Officer Calloway also testified that upon arrival, he could plainly hear a stereo coming from Masotto's apartment ten to fifteen yards from her window. As a result, Officer Calloway and the other officers supporting him were acting within their official duties by arresting Masotto on suspicion of violating the disorderly conduct statute and suppressing a breach of the peace.

Masotto provides no direct authority to support her contention that a police officer ceases acting in his official duty if he enters a residence without a warrant or a justifiable excuse from the warrant requirement.[2] The battery statute explicitly requires only that officers be engaged in their official duty, not in lawful execution of their duty. Ind.Code § 35–42–2–1(a)(1)(B). By contrast, the crime of resisting law enforcement does require that an officer be engaged in the lawful execution of his duty. Ind.Code § 35–44–3–3 (defining the crime of resisting law enforcement as knowingly or intentionally forcibly resisting a law enforcement officer while the officer is lawfully engaged in the execution of the officer's duties). Nonetheless, cases considering the resisting statute have held "a private citizen may not use force in resisting a peaceful arrest by an individual who he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful." *State v. Howell,* 782 N.E.2d 1066, 1067–68 (Ind.Ct.App.2003).[3]

Even accepting Masotto's argument that the officers acted unlawfully when they entered her apartment, this does not excuse her actions. The officers did not attempt a forceful entry; they were invited in by Vasquez. In addition, Masotto was not resisting the officer's entry or her arrest; her actions can most generously be

---

**2.** We do not address the validity of the officers' warrantless entry into Masotto's apartment because it is immaterial to our decision.

**3.** We recognize the general rule forbidding forceful resistance does not apply when the arrest is attempted by means of a forceful and unlawful entry into a citizen's home. *See* *Adkisson v. State,* 728 N.E.2d 175, 178 (Ind.Ct.App.2000); *Casselman v. State,* 472 N.E.2d 1310, 1316 (Ind.Ct.App.1985). However, even if that exception applied in the context of the battery statute, it would not apply here because no forceful entry occurred, and Masotto was not resisting the officer's entry.

characterized as assisting their departure. Such a parting shot falls squarely within the boundaries of the conduct the battery on a law enforcement officer statute seeks to prevent. Masotto battered Officer Mathewson while he was engaged in his official duty. As a result, the evidence supports her conviction.

### Conclusion

Sufficient evidence supports Masotto's conviction for battery on a law enforcement officer.

Affirmed.

DARDEN, J., and BAILEY, J., concur.