BAILEY, Judge,
concurring in part and dissenting in part.
I concur in the affirmation of Griffin’s conviction for battery. However, I respectfully dissent from the reversal of his conviction for resisting law enforcement.
Griffin did not merely choose to walk away in termination of a consensual encounter; he ran away and continued to flee despite repeated orders to stop. Griffin was convicted of violating Indiana Code section 35-44-3-3(a)(3), which then provided: “A person who knowingly or intentionally: flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer’s siren or emergency lights, identified himself or herself and ordered the person to stop commits resisting law enforcement[.]” Griffin has made no challenge to the constitutionality of this statute, which imposes a duty upon a citizen to stop if ordered to do so by a law enforcement officer. Subsection (3) in particular does not condition compliance upon the officer being lawfully engaged in executing his or her duties.
In Cole v. State, 878 N.E.2d 882, 886 (Ind.Ct.App.2007), a panel of this Court recognized:
Because of the danger flight poses and the fact that a defendant has judicial remedies if he does not flee, the rule in our State is that even if a police officer does not have reasonable suspicion to stop a defendant, the defendant has no right to flee when the officer orders him to stop.
This conclusion was based upon a wealth of decisions: Dandridge v. State, 810 N.E.2d 746, 749 (Ind.Ct.App.2004) (stating “In Indiana, an individual may not flee from a police officer who has ordered the person to stop, regardless of the apparent or ultimate lawfulness of the officer’s order”), tram, denied; State v. Howell, 782 N.E.2d 1066, 1067 (Ind.Ct.App.2003) (reversing order dismissing various criminal charges and observing “the general rule has become that a person may not flee from a police officer that orders a person to stop regardless of the lawfulness of the officer’s order”); Lashley v. State, 745 N.E.2d 254, 261 (Ind.Ct.App.2001) (recognizing that section 3 of the resisting law enforcement statute does not condition the offense upon a lawful order and declaring that defendant was not permitted to flee from officer’s show of authority), trans. denied; Corbin v. State, 568 N.E.2d 1064, 1065 (Ind.Ct.App.1991) (“evidence of flight following a police officer’s order to stop is admissible in a prosecution for resisting law enforcement regardless of the lawfulness of the order”); Alspach v. State, 755 N.E.2d 209, 211 (Ind.Ct.App.2001), (“A citizen today can seek his remedy for a police officer’s unwarranted and illegal intrusion into the citizen’s private affairs by bringing a civil action.”), trans. denied.
The Cole decision also quoted approvingly the language of. the New Jersey Supreme Court:
*384 [A]ny flight from police detention is fraught with the potential for violence because flight will incite a pursuit, which in turn will endanger the suspect, the police, and innocent bystanders. Cases abound in which a suspect’s flight from the police set in motion an ensuing chase that resulted in death or serious injury either to a police officer, a suspect, or a bystander. For practical and public-policy-based reasons, constitutional deci-sionmaking cannot be left to a suspect in the street, even one who has done no wrong; a suspect cannot be the judge of his own cause and take matters into his own hands and resist or take flight. This reasoned approach encourages persons to avail themselves of judicial remedies, and signals that if a person peaceably submits to an unconstitutional stop the result will be suppression of the evidence seized from him.
Cole, 878 N.E.2d at 886 (quoting State v. Williams, 192 N.J. 1, 926 A.2d 340, 347 (2007)). I And this sound rationale to be particularly a propos here, where indeed the situation needlessly escalated and ultimately resulted in injury to the defendant.
I would follow the settled law as discussed in Cole. For this reason, I dissent from the reversal of Griffin’s conviction for resisting law enforcement.