**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2014, 9:10 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RASHARD RANSON,         )
         )
    Appellant-Defendant,     )
         )
        vs.       )    No. 49A04-1307-CR-329
         )
STATE OF INDIANA,     )
         )
    Appellee-Plaintiff.      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy Jones, Judge
Cause No. 49F08-1304-CM-25244

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Defendant Rashard Ranson was convicted of Class A misdemeanor resisting law enforcement after running from a police officer who had told him to stop. Ranson contends that his conviction cannot stand because the State failed to establish that the officer had sufficient reason to detain Ranson. Because well-established Indiana precedent holds that a person may not flee from a police officer who has told him to stop, even if the order is unlawful, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

At approximately 2:00 p.m. on April 7, 2013, Marion County Sheriff's Deputy Henry Turner, who was in full uniform, saw Ranson "in the rear of the building tree line" at the Bent Tree apartment complex. Tr. p. 5. Deputy Turner was off-duty and although he had worked security part-time for approximately one year at Bent Tree, Deputy Turner did not recognize Ranson. Moreover, Deputy Turner was aware that Bent Tree had recently had a "high rate of burglaries, especially when you're in the rear." Tr. p. 6. When Deputy Turner asked Ranson to stop, Ranson "observed" Deputy Turner and started walking away "at a rapid pace" toward the Carlton Apartments, which Deputy Turner also know had recently been experiencing frequent burglaries. Tr. p. 6. Deputy Turner then said, "Stop, police[,]" and Ranson fled. Tr. p. 6. On April 18, 2013, the State charged Ranson with Class A misdemeanor resisting law enforcement. On June 12, 2013, the trial court found Ranson guilty as charged and sentenced him to one year of incarceration with all but four days suspended to probation.

2

**DISCUSSION AND DECISION**

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id.*

A person resists law enforcement if that person "flees from a law enforcement officer after the officer has, by visible or audible means … identified himself or herself and ordered the person to stop[.]" Ind. Code § 35-44-3-3(a)(3). Ranson does not dispute that the evidence indicates that he fled after Deputy Turner identified himself as a law enforcement officer and ordered Ranson to stop. Ranson argues, however, that his conviction cannot stand because Deputy Turner had insufficient justification to detain him. We disagree.

> It is well settled that "[i]n Indiana, an individual may not flee from a police officer who has ordered the person to stop, regardless of the apparent or ultimate lawfulness of the officer's order." *Dandridge v. State*, 810 N.E.2d 746, 749 (Ind. Ct. App. 2004), *trans. denied*; *see also State v. Howell*, 782 N.E.2d 1066, 1067 (Ind. Ct. App. 2003); *Lashley v. State*, 745 N.E.2d 254, 261 (Ind. Ct. App. 2001), *trans. denied*; *Corbin v. State*, 568 N.E.2d 1064, 1065 (Ind. Ct. App. 1991). On several occasions, this Court has noted that the resisting law enforcement statute does not condition the offense upon a lawful order. *Alspach v. State*, 755 N.E.2d 209, 211 (Ind. Ct. App. 2001), *trans. denied*; *Lashley*, 745 N.E.2d at 261; *Corbin*, 568 N.E.2d at 1065.… Because of the danger flight poses and the fact that a defendant has judicial remedies if he does not flee, the rule in our State is that even if a police officer does not have reasonable suspicion to stop a defendant, the defendant has no right to flee when the officer orders him to stop.

3

*Cole v. State*, 878 N.E.2d 882, 886 (Ind. Ct. App. 2007). Consequently, even if we assume,

*arguendo*, that Deputy Turner had no legal right to detain Ranson, that fact does not affect

the validity of Ranson's conviction for resisting law enforcement.[1]

The judgment of the trial court is affirmed.

MATHIAS, J, and PYLE, J., concur.

---

[1] Ranson relies on two recent decisions from this court to support his argument that he had a right to flee from an illegal detention, *Griffin v. State*, 997 N.E.2d 375 (Ind. Ct. App. 2013), *trans. pending*, and *Gaddie v. State*, 991 N.E.2d 137, 141 (Ind. Ct. App. 2013), *trans. granted*, *opinion vacated*, 2013 WL 6421778 (Ind. Dec. 6, 2013). *Gaddie*, however, has been vacated by order of the Indiana Supreme Court and a transfer petition is pending in *Griffin*, which means that, lacking certification, it currently has no precedential value. Unless and until the Indiana Supreme Court determines that one has the right to flee from an unlawful police request to stop, we shall follow the myriad Indiana cases holding that one has no such right.

4