OPINION
BRADFORD, Judge.
CASE SUMMARY
Appellant-Respondent Donald Murdock was found to have violated the terms of his probation when he committed Class A misdemeanor resisting law enforcement after running from a police officer who had told him to stop. Murdock contends that his probation revocation cannot stand because the State failed to establish that the officer had sufficient reason to detain Murdock. Because well-established Indiana precedent holds that a person may not flee from a police officer who has told him to stop, even if the order is unlawful, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On November 7, 2011, Murdock pled guilty to Class C felony burglary and Class D felony theft. On December 19, 2011, the trial court sentenced Murdock to eight years of incarceration for burglary and eighteen months for theft, the sentences to be served concurrently, and suspended four years of the sentence to probation. Also on December 19, 2011, the trial court issued an amended sentencing order providing that Murdock would be placed in the Madison County Community Transition Program upon release from incarceration.
On April 3, 2013, Indianapolis Metropolitan Police Officer Vincent Stewart was on duty, in full uniform and driving a marked vehicle. Officer Stewart responded to a call regarding a subject fleeing another officer. Officer Stewart and others estab *794 lished a perimeter around an apartment complex. While in a vacant apartment, Officer Stewart observed Murdock running outside of the apartment. Officer Stewart gave chase, identified himself as a police officer, and ordered Murdock to stop. Murdock continued to flee. Officer Stewart caught Murdock in a creek and attempted to grab him, but Murdock shoved Officer Stewart, causing injury and pain to Officer Stewart’s left knee. Officer Stewart sprayed Murdock with pepper spray and took him into custody.
On May 9, 2013, the State filed a notice of probation violation, alleging, inter alia, that on or about March 31, 2013, Murdock violated the terms of his probation by committing Class A misdemeanor resisting law enforcement. On June 10, 2013, the trial court held a hearing on the notice and found that he had violated the terms of his probation by committing Class A misdemeanor resisting law enforcement. The trial court ordered that Murdock serve three-and-one-half years of his previously suspended sentence.
DISCUSSION AND DECISION
Probation is a “matter of grace” and a “conditional liberty that is a favor, not a right.” Marsh v. State, 818 N.E.2d 143, 146 (Ind.Ct.App.2004) (quoting Cox v. State, 706 N.E.2d 547, 549 (Ind.1999)). We review a trial court’s probation revocation for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 956 (Ind.Ct.App.2005), trans. denied. If the trial court finds that the person violated a condition of probation, it may order the execution of any part of the sentence that was suspended at the time of initial sentencing. Stephens v. State, 818 N.E.2d 936, 942 (Ind.2004). Proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation. Bussberg v. State, 827 N.E.2d 37, 44 (Ind.Ct.App.2005).
A person resists law enforcement if that person “flees from a law enforcement officer after the officer has, by visible or audible means ... identified himself or herself and ordered the person to stop[.]” Ind.Code § 35-44-3-3(a)(3). Murdock does not dispute that he fled from Officer Stewart after being told to stop but contends that the trial court erred in finding that he committed Class A misdemeanor resisting law enforcement because Officer Stewart allegedly lacked reasonable suspicion to detain him. We disagree.
It is well settled that “[i]n Indiana, an individual may not flee from a police officer who has ordered the person to stop, regardless of the apparent or ultimate lawfulness of the officer’s order.” Dandridge v. State, 810 N.E.2d 746, 749 (Ind.Ct.App.2004), trans. denied, see also State v. Howell, 782 N.E.2d 1066, 1067 (Ind.Ct.App.2003); Lashley v. State, 745 N.E.2d 254, 261 (Ind.Ct.App.2001), trans. denied; Corbin v. State, 568 N.E.2d 1064, 1065 (Ind.Ct.App.1991). On several occasions, this Court has noted that the resisting law enforcement statute does not condition the offense upon a lawful order. Alspach v. State, 755 N.E.2d 209, 211 (Ind.Ct.App.2001), trans. denied; Lashley, 745 N.E.2d at 261; Corbin, 568 N.E.2d at 1065 .... Because of the danger flight poses and the fact that a defendant has judicial remedies if he does not flee, the rule in our State is that even if a police officer does not have reasonable suspicion to stop a defendant, the defendant has no right to flee when the officer orders him to stop.
Cole v. State, 878 N.E.2d 882, 886 (Ind.Ct.App.2007). Consequently, even if we assume, arguendo, that Officer Stewart had no legal right to detain Murdock, that fact *795 does not affect the validity of the trial court’s finding that Murdock committed resisting law enforcement.[1]
The judgment of the trial court is affirmed.
PYLE, J., concurs.
MATHIAS, J., dissents with opinion.

. Murdock relies on a recent decision from this court to support his argument that he had a right to flee from an illegal detention, Gad-die v. State, 991 N.E.2d 137, 141 (Ind.Ct.App. 2013), trans. granted, opinion vacated, 999 N.E.2d 417 (Ind.2013). Gaddie, however, has been vacated by order of the Indiana Supreme Court. Unless and until the Indiana Supreme Court determines that one has the right to flee from an unlawful police request to stop, we shall follow the myriad Indiana cases holding that one has no such right.